UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re:<br><br>SHERRIE LYNN MOON,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-54588-pwb |

### CREDITOR TIMOTHY MCAFEE'S MOTION FOR RELIEF FROM AUTOMATIC STAY TO PROCEED WITH DISPOSSESSORY ACTION

COMES NOW undersigned counsel for Creditor Timothy McAfee (this "Creditor") and, pursuant to the provisions of 11 U.S.C. § 362, respectfully moves this Court for relief from the automatic stay (or to rule that the stay does not apply here or was terminated by operation of statute), to allow Creditor to proceed with a dispossessory action he filed to dispossess Debtor of Creditor's real property located at 428 Tidewater Cove, Stone Mountain, Ga., 30087 (the "Property").

Debtor refuses to vacate the home Creditor purchased after Debtor had been divested completely of her interest in the Property, as the result of a foreclosure sale, as detailed herein. Moreover, Debtor has filed and had dismissed two (2) Chapter 7 cases in the year preceding her filing of the Petition in the current case. The first of those Chapter 7 cases was filed August 2, 2022 and was dismissed August 31, 2022. The second Chapter 7 case was filed January 3, 2023 and was dismissed January 20, 2023. Therefore, Creditor seeks here a "comfort order"

(including for purposes of presenting an order to the court in the dispossessory action described below) confirming that the automatic stay never applied in this case, pursuant to 11 U.S.C. § 362(c)(4)(A)(i).  Also, even if only one of the above-referenced Chapter 7 cases had been filed in the prior year, the stay terminated automatically after thirty (30) days of the May 16, 2023 Petition-filing in the present case, pursuant to 11 U.S.C. § 362(c)(3)(A).

## BACKGROUND

On or about January 3, 2023, Debtor's then-security-deed-lender (the "Lender") acquired the Property by way of a Deed Under Power, a true and correct copy of which is attached hereto as **Exhibit A**.

On or about March 7, 2023, Creditor closed on his purchase of the Property from the Lender or successor thereto (a true and correct copy of the Special Warranty Deed to the Property is attached hereto as **Exhibit B**).  Debtor has been wrongfully possessing the Property despite multiple demands from Creditor for Debtor to vacate the Property.

On or about March 24, 2023, Creditor filed and subsequently served on Debtor the Dispossessory Warrant and Summons, a true and correct copy of which is attached hereto as **Exhibit C** (the "Dispossessory Warrant").

On April 10, 2023, Debtor filed the Answer to the Dispossessory Warrant, a

2

true and correct copy of which Answer is attached hereto as **Exhibit D**. In that Answer, Debtor stated—as her sole basis for opposing the Dispossessory Warrant—that she "did not have a landlord tenant relationship with" Creditor.

Indeed, Creditor has never entered into any form of lease or other arrangement pursuant to which Debtor was given permission to occupy or possess the Property. Creditor has made no post-foreclosure claims of ownership or other rights to or in the Property, either in this present proceeding or any other proceeding. Also, in "Schedule G: Executory Contracts and Unexpired Leases" of Debtor's June 14, 2023 "Statement of Financial Affairs for Individuals Filing for Bankruptcy," (the "Statement of Financial Affairs") Debtor states that she has no "executory contracts or unexpired leases."

Therefore, Debtor does not have the option of assuming any lease related to the Property, and the sixty-day period that applies to a debtor's assumption or rejection of a residential lease does not apply here.

Additionally, in "Schedule A/B: Property" of the Statement of Financial Affairs," Debtor states that she does not "own or have any legal or equitable interest in any residence, building, land, or similar property."[1]

---

[1] See In re Taylor, No., 16-69706-PMB, 2018 WL 1267998, at *5 (Bankr. N.D. Ga. Mar. 8, 2018) ("[T]he Georgia Supreme Court cites favorably (and relies on) several decisions from United States Bankruptcy Courts in Georgia that hold, as we do

Debtor nonetheless appeared at a May 17, 2023 hearing on the Dispossessory Warrant, informing the court and the Creditor that she had filed the Petition in the present bankruptcy. The court in the Dispossessory Warrant action stayed that action, apparently pursuant to that court's belief that this Court's automatic stay applied to the Dispossessory Warrant proceeding.

However, the automatic stay in the present bankruptcy should not apply to Debtor's wrongful possession of the Property, and Creditor respectfully requests that this Court grant him relief the automatic stay to the extent it applies to Debtor's possession of the Property (as a "tenant at sufferance" or otherwise) or refuse to extend the automatic stay to Creditor's dispossessory action against Debtor.[2]

---

today, that the **grantor/borrower's right to redeem terminates as of the time that the foreclosure sale is cried and the bid is accepted** (emphasis added; citing Tampa Inv. Grp., Inc. v. Branch Banking & Trust Co., 290 Ga. 724, 727, 723 S.E.2d 674, 677 (2012); other citations omitted).

[2] See In re Dillard, 2007 WL 521888, at *2 (Bankr. M.D. Ga. Feb. 7, 2007)(**refusing to extend automatic stay to stop mortgage creditor's dispossessory action where the debtor's equity of redemption terminated pre-petition**); Leqqett v. Morgan (In re Morgan), 115 B.R. 399 (Bankr. M.D. Ga. 1990)(granting relief from the stay to permit eviction after concluding debtor's equity of redemption expired pre-petition); see, e.g., In re Cook, 614 B.R. 635, 647 (Bankr. N.D. Ga. 2020)(The only consideration this court referenced in a similar case where a former homeowner refused to vacate the home after it was sold in a foreclosure sale, was whether any COVID-19 eviction moratorium could prevent a lawful dispossessory: "Lender should address in any subsequently-filed motion for relief from the stay imposed by this order whether it should be entitled to proceed with dispossessory proceedings during the pendency of the COVID-19 pandemic.").

Moroever, and as stated above and perhaps most importantly, Debtor's two prior Chapter 7 petitions—both filed and dismissed less than a year prior to the current Chapter 7 action (again, petition filed May 16, 2023), preclude application of the automatic stay in the present case, pursuant to 11 U.S.C. § 362(c)(4)(A)(i). And, even if Debtor had filed only one Chapter 7 in the past year prior to the current Petition filing, then any applicable stay would have terminated on June 15, 2023, which was thirty (30) days after Debtor filed her Petition (on May 16, 2023), pursuant to 11 U.S.C. § 362(c)(3)(A).

For these reasons, Creditor respectfully moves this Court to hold and confirm that the automatic stay has terminated, is lifted, or never applied to Creditor's Dispossessory Warrant proceeding in the first place. A Proposed Order is attached hereto as **Exhibit E**.

Dated: June 16, 2023

Respectfully Submitted by:

**THRIFT MCLEMORE**

*/s/ Ryan K. McLemore*
Ryan K. McLemore
Georgia Bar No. 496929
rmclemore@thriftlegal.com

*Attorney for Creditor Timothy McAfee*

1000 Parkwood Circle
Suite 375
Atlanta, GA 30339
rmclemore@thriftlegal.com
404-520-8776 (direct)

# EXHIBIT A

2023027803  DEED BOOK 30788 Pg 14
Filed and Recorded: 2/28/2023 4:21:00 PM
Recording Fee: $25.00
Prepared By:
8696963702
7067927936

Return To:
James E. Albertelli, Esq.
Albertelli Law
100 Galleria Parkway
Suite 960
Atlanta, GA 30339
Parcel No.: 18 029 01 116

Cross Reference:
Deed Book 16775 Page 97

STATE OF COLORADO
COUNTY ARAPAHOE

## DEED UNDER POWER

THIS INDENTURE, effective as of January 3rd; 2023, by Sherrie Moon (hereinafter collectively referred to as "Borrower"), acting through this duly appointed attorney in fact, Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2005-FF2, Mortgage Pass-Through Certificates, Series 2005-FF2(hereinafter referred to as "Lender"), as Party of the First Part, and Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2005-FF2, Mortgage Pass-Through Certificates, Series 2005-FF2, as Party of the Second Part:

WITNESSETH:

WHEREAS, Borrower executed and delivered that certain Security Deed to First Franklin Financial Corp., subsidiary of National City Bank of Indiana, its successors and assigns, which is recorded in Deed Book 16775, Page 97, Dekalb County, Georgia Records, as last transferred to Lender by assignment, recorded in Deed Book 21862, Page 96, Dekalb County, Georgia Records, conveying the after-described property to secure a Note in the original principal amount of $210,240.00; and

WHEREAS, default in the payment of the required installments under said Note occurred, and by reason of said default, Lender elected, pursuant to the terms of the Security Deed and Note, and declared the entire principal and interest immediately due and payable; and

WHEREAS, said entire indebtedness still being in default, Lender on behalf of Borrower, and according to the terms of said Security Deed, did advertise said property for sale once a week for 4 Weeks immediately preceding said sale in a newspaper in Dekalb County, Georgia, wherein the Sheriff carried his advertisements; and

WHEREAS, notice was given in compliance with Georgia Laws 1981, Volume I, Page 834, codified as O.C.G.A. Section 44-14-162.2 and Section 44-14-162.4. The notice so required was rendered by mailing a copy of the Notice of Sale submitted to the publisher to the "Debtor" (as that term is defined

22-003560

in O.C.G.A. Section 44-14-162.1) at least thirty days prior to the foreclosure sale date; and

WHEREAS, Lender did expose said property for sale to the highest bidder for cash on the first Tuesday in January, 2023 within the legal hours of sale at the usual place for conducting Sheriff's sales in Dekalb County before the Courthouse door, or at such place as may be lawfully designated as an alternative, and offered said property for sale at public outcry; and

WHEREAS, the said property was knocked off to the Party of the Second Part, who was the highest and best bidder for cash, at and for the sum of $320,295.36.

NOW THEREFORE, in consideration of the premises and said sum of money and by virtue of and in the exercise of the power of sale contained in the Security Deed, the Party of the First Part has bargained, sold, granted and conveyed, and by these presents does hereby bargain, sell, grant and convey to the Party of the Second Part, said party's representatives, heirs, successors and assigns, the following described property:

**ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 29, 18TH DISTRICT DEKALB COUNTY, GEORGIA, BEING LOT 28, BLOCK F, WATER'S EDGE, UNIT III, AS PER PLAT RECORDED IN PLAT BOOK 88, PAGE 138, DEKALB COUNTY RECORDS WHICH PLAT IS HEREBY REFERRED TO AND MADE A PART OF THIS DESCRIPTION, BEING PROPERTY KNOWN AS 428 TIDEWATER COVE, ACCORDING TO THE PRESENT SYSTEM OF NUMBER HOUSES IN SAID COUNTY, AS MORE PARTICULARYLY SHOWN ON THAT CERTAIN PLAT OF SURVEY PREPARED BY GEORGIA LAND SURVEYING CO., INC., DATED MAY 9, 1989.**

Commonly known as: **428 Tidewater Cv Stone Mountain GA 30087**

TOGETHER WITH all and singular the rights, members and appurtenances thereto appertaining; also all the estate, right, title, interest, claim or demand of the Party of the First Part, or said Party's representatives, heirs, successors and assigns, legal, equitable or otherwise, whatsoever, in and to the same.

THIS CONVEYANCE IS SUBJECT TO any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed.

TO HAVE AND TO HOLD the said property and every part thereof unto the said Party of the Second Part, and said party's representatives, heirs, successors and assigns, to said Party's own proper use, benefit and behoof in FEE SIMPLE, in as full and ample a manner as the said Party of the First Part or said Party's representatives, heirs, successors and assigns, did hold and enjoy the same.

22-003560

Case 23-54588-pwb   Doc 22   Filed 06/16/23   Entered 06/16/23 16:41:24   Desc Main
Document   Page 9 of 17

2023027803  DEED BOOK 30788 Pg 16
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

IN WITNESS WHEREOF, Lender as Agent and Attorney in Fact for Borrower has hereunto affixed Lender's hand and seal on this, ~~FEB 2 4 2023~~.

Signed, sealed and delivered
in the presence of:

*Margaret Watters*

Unofficial Witness
Name: Margaret Walters

*Henrietta Parrish*

Notary Public
Name: Henrietta Parrish
My Commission Expires: 04-09-2025
(Seal)

HENRIETTA PARRISH
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20214014068
MY COMMISSION EXPIRES 04/09/2025

Specialzed Loan Servicing LLC as attorney in fact
for **Deutsche Bank National Trust Company,
as Trustee for FFMLT Trust 2005-FF2,
Mortgage Pass-Through Certificates, Series
2005-FF2**, as attorney in fact for Sherrie Moon

Grantor
Name: Steven B. Ross
Title: Second Assistant Vice President

Grantor
Name: Ami McKernan
Title: Second Assistant Vice President

By Power of Attorney recorded in
Deed Book 15433 Page 277

Henry County Records

22-003560

2023034957  DEED BOOK 30814 Pg 380
Filed and Recorded: 3/16/2023 6:26:00 PM
Recording Fee: $25.00
Real Estate Transfer Tax: $289.80
Prepared By:
9126369925
7067927936

# EXHIBIT B

Please Return to:
McCalla Raymer Leibert Pierce, LLC
Closing Department
1544 Old Alabama Road
Roswell, GA 30076
File#: GA232094
Tax ID # 18 029 01 116

Purchaser:   Timothy Wayne McAfee
Property:    428 Tidewater Cove, Stone Mountain, GA 30087

## SPECIAL WARRANTY DEED

STATE OF
COUNTY OF

THIS INDENTURE, made and effective this __7__ day of __March__ 2023, between **Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2005-FF2, Mortgage Pass-Through Certificates, Series 2005-FF2** as party or parties of the first part, hereinafter called Grantor, and **Timothy Wayne McAfee** as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH; that the said party of the first part, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration, in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged has granted, bargained, sold and conveyed and by these presents does grant, bargain, sell and convey unto the said party of the second part, and assigns:

All that tract or parcel of land lying and being in Land Lot 29, 18th District, DeKalb County, Georgia, being Lot 28, Block F, Water's Edge, Unit III, as per plat recorded in Plat Book 88, Page 138, DeKalb County Records, which plat is hereby referred to and made a part of this description, being property known as 428 Tidewater Cove, according to the present system of numbering houses in said county, as more particularly shown on that certain plat of survey prepared by Georgia Land Surveying Co., Inc., dated May 9, 1989.

Property Address: 428 Tidewater Cove, Stone Mountain, GA 30087

2023034957  DEED BOOK 30814 Pg 381
**Debra DeBerry**
**Clerk of Superior Court**
**DeKalb County, Georgia**

TO HAVE AND TO HOLD the said bargained premises, together with all and singular the rights, members and appurtenances thereof, to the only proper use, benefit and behalf of the said party of the second part, and assigns, forever. IN FEE SIMPLE.

AND the said party of the first part, for its successors and assigns, will warrant and forever defend the right and title to the above described property unto the said party of the second part, and assigns, against the lawful claims of all persons claiming by, through or under the party of the first part, but not otherwise.

IN WITNESS WHEREOF, the said party of the first part has hereunto set is hand and affixed its seal the day and year first above written.

Signed this 7 day of March, 2023
in the presence of:

_____ (Seal)
Unofficial Witness

_____ (Seal)
Notary Public

My Commission Expires: 07/07/2025

(Notary Seal)

SALLY SABIN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20214027163
MY COMMISSION EXPIRES 07/07/2025

Grantor:
Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2005-FF2, Mortgage Pass-Through Certificates, Series 2005-FF2
By Specialized Loan Servicing, LLC its Attorney in Fact

By: _____
Name: Bernadette M Fleming
Title: SAVP

Attested by: _____
Name: Natalya Avrukina
Title: Title Coordinator

Property Address: 428 Tidewater Cove, Stone Mountain, GA 30087

# **EXHIBIT C**

**MAGISTRATE COURT OF DEKALB COUNTY**

## DISPOSSESSORY WARRANT

**Plaintiff's Name and Address**
Timothy McAfee
1000 Parkwood Cir. SE, Suite 375, Altanta, GA, 30339

VS.

**Defendant's Name and Address**
Sherrie Moon and ALL OTHERS
428 Tidewater Cove, Stone Mountain, GA, 30087

**Plaintiff's Attorney and Address**
Ga. Bar No. 196152
Joseph Williams
1000 Parkwood Cir. SE, Suite 375, Altanta, GA, 30339

Personally appeared the undersigned who upon oath says that he is (owner), (attorney at law), (agent), (attorney in fact) for the owner of said premises, and that Defendant is in possession as tenant of premises at the above address in DeKalb County.

**FURTHER:**
- ☐ That said tenant fails to pay rent now due thereon;
- ☐ That tenant is holding said house and premises over and beyond the term for which the same was rented or leased to him;
- ☒ That said tenant is a tenant at sufferance;

The said owner desires and has demanded possession of said house and premises, and the same has been refused by the said defendant and affiant makes this affidavit that a warrant may issue for the removal of said defendant together with his property from said house and premises.

**PLAINTIFF PRAYS:**
(a) judgment for the past due rent in the amount of $_____;
(b) rent accruing up to the date of judgment or vacancy at the rate of $_____ per _____.
(c) other _That the Defendant and All Other occupants vacate the home._____

## SUMMONS

TO THE MARSHAL of the State Court of DeKalb County or his lawful deputies, GREETINGS:

The defendant herein is hereby commanded and required personally or by attorney to file with the Clerk of the Magistrate Court of DeKalb County, 2nd Floor, Suite 270, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough St., Decatur, Georgia within seven (7) days from the date of service of the within affidavit and summons (or on the first business day thereafter if the seventh day falls on Saturday, Sunday or legal holiday) then and there to answer said affidavit in writing or orally (orally means infront of a deputy clerk). If such answer is not made to said affidavit on or before the _24_ day of _March_, 20_23_, a writ of possession shall issue instanter as by law provided, and a judgment by default will be taken against you for all rents demanded in the complaint.

Witness, the Honorable Berryl A. Anderson, Judge of said Court

Sworn to, subscribed and filed before me, this _24_, 20_23_
By: _L Higdon_ ~~Deputy Clerk~~ Notary

Affiant: _Joe Williams_
Phone No. 678-369-3331

### MARSHAL'S ENTRY OF SERVICE

I have served the foregoing affidavit and summons on the Defendant(s) by delivering a copy of the same:
- ☐ Personally
- ☐ Defendant not found in the jurisdiction of this Court
- ☐ To a person sui juris residing on the premises (Name) _____
  Age _____ Wt. _____ Ht. _____
- ☐ By posting a copy to the door of the premises and depositing a copy in the U.S. Mail, First Class in an envelope properly addressed with adequate postage thereon, said copy containing notice to the Defendant(s) to answer at the place stated in said summons.

DATE OF SERVICE _____, 20____.  _____ Deputy Marshal

[Notary seal: L HIGDON, Notary Public - State of Georgia, Dekalb County, My Commission Expires Jul 22, 2025]

MAGISTRATE COURT OF DEKALB COUNTY, GA.
3/24/2023 3:34 PM
FILED
BY: Phyllisha P Hart

**23D08790**

# MAGISTRATE COURT OF ___DeKalb___ COUNTY, GEORGIA

Date Filed ___04/10/2023___    Case No: ___23D08790___

# EXHIBIT D

Timothy McAfee
1000 Parkwood Cir. SE, Suite 375
Atlanta, GA 30339
**Plaintiff(s) Name, Address**

vs.

**DISPOSSESSORY PROCEEDING**

**ANSWER**

Sherrie Moon
428 Tidewater Cove Stone Mountain, GA 30087
**Defendant(s) Name, Address**

**(Please note and then use another sheet(s) for additional space, as needed.)**

✔  I am the Defendant.  I am filing an Answer I state the following in response to Plaintiff's claim in this lawsuit:

✔  I do not have a landlord tenant relationship with the plaintiff.

_____ My landlord did not give me the proper notice that my lease or rental agreement was terminated in accordance with the terms of our lease.  The landlord did not properly demand that I move before filing the lawsuit.

_____ My landlord terminated my lease without a valid reason.

_____ I do not owe any rent to my landlord.

_____ I offered and had the money to pay my rent on or before the date I usually pay, but my landlord refused to accept it.

_____ My landlord would not accept my rent, correct late fees and the court costs.  I had all the money to pay.

_____ My landlord failed to repair the property.  This failure has lowered its value or resulted in other damages more than the rent claimed.

_____ I am a residential tenant.  This is my first dispossessory action.  I am paying all my rent, late fees and court costs to the clerk.

_____ My landlord is not entitled to evict me or secure a money judgment for the following additional reasons: (attach if necessary)

**COUNTERCLAIM -** **(Please note and then use another sheet(s) for additional space, as needed.)**

_____ My landlord owes me _____ for the following reason(s):

_____ My landlord failed to repair my property. Due to this failure, its value has been reduced _____ each month for _____ months.

_____ Since my landlord failed to make requested repairs, I made these repairs.  I made these repairs that cost _____. I have all my receipts.  I will bring the receipts and all documents concerning these payments to my trial.

_____ My landlord's failure to repair resulted in damages of $_____ to my person and/or property.

WHEREFORE, I ask this Court to:
(a) Dismiss Plaintiff's lawsuit with all costs assessed against Plaintiff.
(b) Enter a judgment in my favor and against Plaintiff
(c) Plus attorney's fees in the amount of _____ pursuant to _____; and
(d) Grant such other and further relief as the Court deems just and proper.

/s/ Sherrie Moon
Signature of Defendant filing answer/ Attorney

Sherrie Moon
428 Tidewater Cove
Stone Mountain, GA 30087

Bar # _____

This 10th day of April, 20 23

/s/ Sherrie Moon
DEFENDANT

_____
DEPUTY CLERK

MAGISTRATE COURT OF
DEKALB COUNTY, GA.
4/10/2023 10:50 PM
FILED
BY: Nykeeba Rasool

**EACH DEFENDANT MUST FILE THEIR OWN ANSWER. Attorneys may file answers for more than one defendant, pro se litigants cannot.**

MAG 30-03 DISPOSSESSORY ANSWER.DOC

# **EXHIBIT E**
# **(Proposed Order)**

7

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| In re: | Chapter 7 |
| SHERRIE LYNN MOON, | Case No. 23-54588-pwb |
| Debtor. | |

**ORDER GRANTING CREDITOR TIMOTHY MCAFEE'S MOTION FOR RELIEF FROM AUTOMATIC STAY TO PROCEED WITH <u>DISPOSSESSORY ACTION</u>**

Upon consideration of the above-titled Motion, and all other matters of record; and it appearing that this Court has jurisdiction to consider the Motion and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, her estate, creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. For the reasons set forth above, the Motion is GRANTED herein;

2. Creditor is not bound or restricted by any automatic stay that may have otherwise been in place in this action pursuant to 11 U.S.C. § 362, and

8

   Creditor is therefore allowed to pursue a dispossessory writ against Debtor.

3. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

### END OF ORDER ###

<u>Prepared and Submitted by:</u>
**THRIFT MCLEMORE**

<u>*/s/ Ryan K. McLemore*</u>
Ryan K. McLemore
Georgia Bar No. 496929
rmclemore@thriftlegal.com
1000 Parkwood Circle
Suite 375
Atlanta, GA 30339
rmclemore@thriftlegal.com
404-520-8776 (direct)
*Attorney for Creditor Timothy McAfee*

**<u>CERTIFICATE OF SERVICE</u>**

  I certify that on the date of filing of CREDITOR TIMOTHY MCAFEE'S MOTION FOR RELIEF FROM AUTOMATIC STAY TO PROCEED WITH DISPOSSESSORY ACTION, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Georgia on those parties registered to receive

9

electronic notices.

*/s/ Ryan K. McLemore*
Ryan K. McLemore
Georgia Bar No. 496929

10